**Frank CARLSON, Petitioner,**

v.

**George BARTLETT, Superintendent, Defendant.**

**No. 92 Civ. 4693 (VLB).**

United States District Court, S.D. New York.

March 4, 1993.

Frank Carlson, pro se.

John J. Sergi, Richard E. Weill, Asst. Dist. Attys., Dist. Atty. of Westchester, White Plains, NY, for respondent.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Frank Carlson was convicted in state court on November 20, 1984 of robbery, burglary and unlawful imprisonment. His conviction was affirmed by the Appellate Division, Second Department on February 18, 1992, Dkt. No. 90–04686, 91–00163, 180 A.D.2d 743, 580 N.Y.S.2d 380. He sought federal *habeas corpus* relief under 28 U.S.C. § 2254. By memorandum order of January 25, 1993, I denied the petition but deferred entry of judgment for 45 days thereafter to permit petitioner, who is in custody under his convictions and acting *pro se*, to seek reconsideration if justified.

Petitioner has made such an application, pressing the following matters:

(1) he takes exception to admission of a car as evidence at his trial—a matter that

See *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 707, 82 S.Ct. 1404, 1415, 8 L.Ed.2d 777 (1962).

does not appear to raise any substantial federal question,

(2) he iterates his contention, rejected for the reasons given in my January 25, 1993 memorandum order, that his retained attorney who replaced other counsel had a fatal conflict of interest because of unrelated representation of some police officer witnesses in civil matters[1]; and

(3) he submits for the first time in this court, an affidavit sworn to April 10, 1989 of James DiDomozio, an alleged alibi witness petitioner asserts defense counsel should have interviewed and called.

## II

Mr. DiDomozio's affidavit, prepared after petitioner's conviction and obviously furnished to petitioner in an effort to aid petitioner's efforts to set aside the state court convictions involved in the present case, raises many questions and answers few. By itself, it does not indicate that appearance of this witness would have been likely to alter the outcome of the trial; neither it nor an affidavit of petitioner's estranged wife that an alibi witness was discussed, indicates lack of effective assistance of counsel. Not calling a witness whose testimony may boomerang is at times a better strategy than putting such a witness on the stand. See generally *Brink's, Inc. v. City of New York,* 717 F.2d 700 (2d Cir.1983).

Gaps in a statement can raise questions about the credibility of the presentation as serious as any questionable affirmative statements. In this instance, what DiDomizio's affidavit does not say, in the context of what it does assert, makes the affidavit an insufficient basis for granting the pending petition or ordering a hearing on it unless the questions raised by the gaps are answered. DiDomizio's affidavit (of which a copy is attached to this memorandum order), indicates:

(a) that DiDomizio was a longtime friend of petitioner, but vouchsafes no information as to the nature of any of their joint activities or how DiDomizio became acquainted with petitioner;

(b) that DiDomizio went to petitioner's home to pick him up so that both could attend a murder trial, without indicating why either or both wished to attend that trial, whether they knew anyone involved in the case, and why they decided not to go ahead with the plan to attend the trial;

(c) that DiDomizio "just visited" at petitioner's home from 9:30 AM to 1:00 PM on March 14, 1984, without indicating what if anything they did or discussed, or whether anyone else was present in the house during any part of that period;

(d) that petitioner's attorney called DiDomizio's family to arrange for DiDomizio to testify at petitioner's trial, without indicating whether DiDomizio tried to get back to the attorney or petitioner, and if not, why this was not done;

(e) that DiDomizio is ready to testify at any further court actions on behalf of petitioner, without indicating whether any consideration of any kind was ever promised or provided to DiDomizio.

## III

I deny the petition. This denial is without prejudice to a new filing based on issues to which DiDomizio's 1989 affidavit would be relevant, if accompanied by a further affidavit by DiDomizio which provides answers to the questions raised by the 1989 affidavit as outlined above.

The clerk is directed to close the present case.

SO ORDERED.

STATE OF NEW YORK

    SS.

COUNTY OF SENECA

### AFFIDAVIT

I, JAMES DiDOMIZIO, first being duly sworn, hereby deposes and says:

1. That I am JAMES DiDOMIZIO and that I reside at P.O. Box 84, Road # 1, Route

---

1. As to this contention he submits correspondence which was not previously before me, but which *does not contain any significant new material.*

**124**

227, Trumansburg, New York 14886, formerly of Yonkers, New York.

2. I am a long time friend of FRANK CARLSON and that we shared this friendship during the month of March 1984.

3. That on March 14, 1984, I was with FRANK CARLSON between the hours of 9:30 A.M., and 1:00 P.M., at his home.

4. That on March 14, 1984, I went to Mr. Carlson's home to pick him up so that he could join me in attending a criminal trial involving the murder of Richard Liston in White Plains, New York at the County Courthouse.

5. That FRANK CARLSON and myself decided not to attend the trial and just visited with each other at FRANK'S home until I left at approximately 1:00 P.M.

6. That I offered to testify at FRANK CARLSON'S trial and although his attorney Mr. Scott, had phoned my family in regards to same, I was not home at the time and I was not contacted thereafter.

7. That I was and am still willing to testify to the above stated facts at any time and all future court actions on behalf of FRANK CARLSON.

8. That the above statements are true to the best of my knowledge and belief.

> James P. DiDomizio
> JAMES DiDOMIZIO
> P.O. Box 84
> Road # 1, Route 227
> Trumansburg, New York 14886

Sworn to before me this

10 day of April, 1989

/s/ Susan M. Oaks
NOTARY PUBLIC